Dear Mr. Brummel:
This letter is in response to your question asking:
 May a municipal police officer use necessary force including forcible entry into a dwelling, to take a person into custody under a probate court order issued pursuant to section 632.305, RSMo Supp. 1980?
Subsection 2 of § 632.305, RSMo Supp. 1980, provides in pertinent part:
 . . . If the court finds that there is probable cause, either upon testimony under oath or upon a review of affidavits, to believe that the respondent may be suffering from a mental disorder and presents a likelihood of serious physical harm to himself or others, it shall direct a peace officer to take the respondent into custody and transport him to a mental health facility for detention for evaluation and treatment for a period not to exceed ninety-six hours unless further detention and treatment is authorized pursuant to this chapter. . . . .
Section 105.240, RSMo, provides:
 Every officer may break open doors and enclosures to execute a warrant or other process for the arrest of any person, or to levy an execution, or execute an order for the delivery of personal property, if, upon public demand and an announcement of his official character, they be not opened.
Ballantine's Law Dictionary, 1948 Ed., p. 94, states that the word "apprehension" is applied exclusively to criminal cases, but the term "arrest" is applied to both criminal and civil cases. There appears to be no doubt that historically the term "arrest" in its general sense is used to apply to both criminal and civil cases. 5 Am.Jur.2d, Arrest, § 3, p. 698; § 52, p. 743.
It seems clear that the provisions of § 105.240 do not relate solely to criminal matters. It is therefore our view that the term "arrest" as used in that section is used in the sense of both criminal and civil arrests, and therefore orders of the court pursuant to § 632.305(2) constitute "other process for the arrest of" the person sought to be detained.
Further, there appears to be no doubt that a municipal police officer is a "peace officer" within the provisions of § 632.305.
We therefore conclude that a municipal police officer is a peace officer authorized to take an individual into custody under a court order issued pursuant to subsection 2 of § 632.305, and if necessary, to break open doors and enclosures to execute such process under the provisions and conditions of § 105.240.
Very truly yours,
 JOHN ASHCROFT Attorney General